In The United States District Court For The Western District Of Pennsylvania

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | )   CR 00-215 |
| | ) |
| Deanna Nicole Treece | ) |
| Defendant | ) |
| | ) |
| | ) |

<u>Petition For Reconsideration Of Attorney Alonzo Burney's "CJA 20 Appointment of and Authority To Pay Court Appointed Counsel" Forms</u>

AND NOW comes Petitioner, Alonzo Burney, Esquire, petitioning for reconsideration of his CJA 20 form for payment in the case at CR 00-215 submits the following:

1. On June 20, 2005, Petitioner submitted CJA 20 voucher form for payment for the case of U.S.A. v. Treece, CR 00-215, said representation enduring from November 30, 2000 to December 21, 2001.

2. On July 11, 2005, the Court denied said request for payment for said case in accordance with "Paragraph 2.21A, cja guidelines," appointed counsel having failed to submit said Voucher within 45 days after the final disposition of the case, and not showing good cause for said delay, and said request for payment appears to be disproportionate to the service rendered.

3. Petitioner requests this Honorable Court to reconsider said request for payment for said case.

4. Petitioner has had a slight "Loss of Focus" regarding paper work at times over the past years because of an over load of personal and work related responsibilities.

5. Petitioner's slight "Loss of Focus" regarding some paper work at times has been caused by some of the following reasons.

    a. Petitioner has an 86 year old mother-in-law who suffers from advanced dementia; Petitioner's brother –in-law, who was a primary care taker for his mother in the same residence, had a heart attack in October 2001 causing hospitalization , and died several months later, leaving Petitioner's mother-in-law in need of more stringent supervision; from March 2002 until March 2004, Petitioner's mother-in law suffered medical disabilities causing several hospitalizations, and extended stays with Petitioner at his home; Petitioner had to supervise his mother-in-law at her home when she was not hospitalized and not at Petitioner's home; Petitioner had to pack his mother-in-law's house and move her to an apartment in March 2004, and pack her apartment and move her to a nursing home in March 2005, storing great numbers of his mother-in-law's items at his house; Petitioner has had to manage his mother-in-law's personal and business affairs from October 2001 to present.

    b. Petitioner has a wife who suffers from fibromyalgia which causes restricted and often severe physical limitations; said medical condition caused Petitioner's wife to leave her education job in January 2004 and apply for Social Security Disability, said claim still pending; Petitioner had to assist packing his wife's boxes at work and store great numbers of boxes at his home; Petitioner has to mainly assist his wife in her personal, business, and transportation needs because of her medical restrictions.

    c. Petitioner practices alone; has no secretary; works 80% from home; has the majority of his files at home; so that Petitioner is more available to assist his wife, while at the same time managing his law practice.

6. Petitioner did not realize that the voucher was not filed until he was processing another file and had to check and move files in boxes while reorganizing his case filing system for paper work.

7. Petitioner requests this Honorable Court to consider the following regarding the amount of compensation requested in the herein case:
   a. Petitioner prepares every case as if motions need to be filed and the case will proceed to trial so that the defendant has a complete understanding of all of her options prior to pleading guilty and just in case the guilty plea is withdrawn and a trial is held.
   b. Petitioner's goal in every case is to obtain the best results for the Defendant under the circumstances.
   c. Petitioner's desire is to be more than prepared especially in very serious cases.
   d. In the herein case, Defendant was a 19 year old female under the influence of a major drug dealer in a major drug indictment with 8 co-defendants.
   e. In the herein case, Defendant was facing incarceration for a guilty plea in the guideline imprisonment range of 70 to 87 months, and for a trial conviction in the guideline imprisonment range of 108 to 135 months.
   f. Special intense attention had to be utilized for the Defendant to comprehend the case circumstances and her own future chance of minimizing incarceration.
   g. Defendant Treece implicated the major co-defendants in the case.
   h. Defendant Treece had to be prepared on several occasions prior to the trial of Co-Defendant Paul Lucas before he finally plead guilty.
   i. Defendant Treece was sentenced to 18 months incarceration; Petitioner's goal in representation was accomplished in this case.
8. The legal work performed by the Petitioner was fair and reasonable even if over prepared
9. The Petitioner was in contact on many occasions with counsel for co-defendants, but was unaware of total hours spent by co-counsel, or what co-counsel requested for payment.
10. Fee Compensation is important, but secondary to representation of the client to the fullest extent.

11. Petitioner would like to receive compensation in a reasonable amount, and is willing to yield to this Honorable Court's judicial wisdom in deciding said amount.

12. Petitioner would suffer a financial hardship if reasonable payment for attorney fees was not granted in said case.

13. Petitioner is structuring a processing paper work system so that no oversights for filing will occur in the future.

WHEREFORE, the Petitioner requests this Honorable Court to approve payment of reasonable attorney fees for appointed counsel by approving CJA 20 Appointment of and Authority to Pay Court Appointed Counsel" Form received in case CR 00-215.

Respectfully Submitted,

Alonzo Burney, Esquire
Petitioner