IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 00-215
)
DEANNA NICOLE TREECE )

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Attorney Alonzo Burney previously submitted a CJA 20 voucher requesting payment in the amount of $8,575 as compensation for his representation of defendant Deanna Nicole Treece in the above case.

By a memorandum and order of court dated July 11, 2005, this court denied the voucher because it was filed grossly out of time, was excessive on its face, and "two to three times greater than that which was requested and approved for payment to the other appointed counsel who provided similar representation in the multiple defendant case." See July 11, 2005, Memorandum and Order at p. 2. The memorandum and order gave leave to counsel to show good cause why his payment request was not timely filed and to provide justification for the requested fee.

Presently before the court is attorney Alonzo Burney's petition for reconsideration of his fee request. In it he sets forth personal reasons for the "slight 'Loss of Focus' regarding paper work at times over the past years" as the reason for the

AO 72
(Rev. 8/82)

untimely filing of his CJA 20 voucher in this case. Although, under the circumstances, the court will accept this explanation as sufficient, the question of the excessive fee request is another matter.

Petitioner offers only generalities in justification of a fee request which was inexplicably higher than that submitted by counsel for co-defendants, some of whom, unlike petitioner, actually filed pretrial motions and all of whose representation was at least as diligent and effective as that rendered by petitioner.

At paragraph 8 of his petition, petitioner makes the broad assertion that "the legal work performed by petitioner was fair and reasonable even if over prepared." And without providing any factual support for this general statement or for his specific fee request, leaves it "to this Honorable Court's judicial wisdom in deciding [a reasonable] amount."

In view of the above and the fact that the court has approved the fee requests of counsel for certain co-defendants as fair and reasonable, the court will approve a fee for petitioner which is the average of the fees approved by the court for those counsel for co-defendants whose services the court has found to be most comparable to those rendered by petitioner. These consist of vouchers of $4,163.75 by counsel for defendant Richard Javens, $2,658.35 by counsel for Theresa Crawford, and $3,471.65 by

AO 72
(Rev. 8/82)

counsel for defendant Walter Johnson. These total $10,293.75 - the average being $3,431.25, which the court will approve for petitioner.

The court did not include fees for other counsel in this case either because there is no record of a fee authorized or paid as to those attorneys or because, in the case of counsel for Paul Lucas, his services clearly were more extensive and not typical of any other counsel.

An appropriate order will follow.

## O R D E R

AND NOW, to-wit, this 28th day of July, 2005, for the reasons stated in the within memorandum, IT IS ORDERED that CJA fees and expenses in the amount of $3,431.25 be, and the same hereby are, authorized to be paid to attorney Alonzo Burney for his services as attorney for defendant Deanna Nicole Treece in the above case.

Gustave Diamond
United States District Judge

cc: Alonzo Burney, Esq.
502 Fifth Avenue
Suite 301
McKeesport, PA 15132

Finance Section
U.S. District Court, W.D. PA

AO 72
(Rev. 8/82)